Prepared by State Reporter from Appeal Papers

*Edward W. Hamilton* and *Duncan Edwards* for appellant.

*S. Wallace Dempsey* and *Glen R. Bedenkapp* for plaintiffs, respondents.

*Wilber E. Houpt* for defendants, respondents.

Judgment affirmed, with costs to respondents payable out of estate; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* MICHAEL KOSMOSKI, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued November 17, 1926; decided December 3, 1926.)

APPEAL from a judgment of the Supreme Court, rendered September 25, 1925, at a Trial Term for the county of Erie upon a verdict convicting the defendant of the crime of murder in the first degree.

*Sidney N. Elsner* for appellant.

*Guy B. Moore, District Attorney,* for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

OTTO I. METZGER, Respondent, *v.* 46 WEST 95TH STREET, INC., Appellant, Impleaded with Others.

*Real property — party walls — placing of windows without permission in party wall restrained.*

*Metzger* v. *46 West 95th St., Inc.,* 216 App. Div. 289, affirmed.

(Argued November 17, 1926; decided December 3, 1926.)

APPEAL from a judgment, entered April 8, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendant entered upon a decision of the court on trial at Special Term and directing judgment in favor of plaintiff. The action was to compel the closing of window openings placed in a party wall which had

been erected pursuant to a written agreement. The Appellate Division held that neither directly nor by implication was any right conferred to place window openings in the wall.

*George A. Spiegelberg* for appellant.

*Arnold J. Brock* and *Frank Veith* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PARISH AND BINGHAM CORPORATION, Appellant, *v.* LARRABEE-DEYO MOTOR TRUCK COMPANY, Respondent.

*Contract — sale — action to recover balance due for goods sold and delivered — counterclaim for damages from failure to deliver goods at time specified.*

*Parish & Bingham Corp.* v. *Larrabee-Deyo M. T. Co.*, 215 App. Div. 845, affirmed.

(Argued November 18, 1926; decided December 3, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 12, 1926, modifying and affirming as modified a judgment in favor of defendant entered upon the report of a referee. Plaintiff brought this action to recover a balance due from the defendant on the purchase price of a quantity of motor truck frames manufactured, sold and delivered by plaintiff to the defendant during the years 1920 and 1921, in pursuance of a written contract between the parties made in October, 1919, which contained an express warranty that the frames would be delivered on or before February 1, 1920. The defendant admitted the correctness of the balance claimed to be due and counterclaimed for special damages suffered by reason of plaintiff's breach of warranty to deliver the frames within the time specified by reason of which failure it was alleged the defendant was unable to fulfill its agreements to manufacture and deliver trucks to customers who canceled their orders on account of non-delivery.